UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LIU,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES INC.,<br><br>        Defendant. | Case No. 20-cv-07499-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 16 |

The motion to dismiss for failure to exhaust is denied. Liu's letter to the EEOC on May 2, 2016 readily satisfies the requirement that he file a charge within 300 days of his termination. The motion to strike the class allegations is denied as premature.

However, the complaint must be dismissed for failure to state a claim. One could readily imagine a plaintiff successfully stating a disparate impact claim for a policy of terminating drivers solely on the basis of customer ratings without accounting for likely racial bias. Indeed, one could imagine a plaintiff stating a claim for intentional discrimination, depending on the extent to which the company is aware of likely racial disparity in customer ratings. But this particular complaint is too sparse and poorly drafted. For example, while alluding generally to "social science research," the complaint does not actually cite to or describe any research findings or other facts supporting the assertion that drivers of color are disproportionately harmed by the customer ratings system. *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1482 (9th Cir. 1987).

Dismissal is with leave to amend. Any amended complaint is due within 21 days of the date of this order. Uber's response is due 14 days thereafter. If Liu chooses to file an amended

complaint, he may also wish to do a better job of supporting his contention that Uber drivers should be classified as employees under federal law. For example, in his complaint and opposition brief, Liu relies almost exclusively on cases applying California law, which suggests that he is under the mistaken impression that California law, rather than federal law, would apply in this Title VII case. *Henry v. Adventist Health Castle Medical Center*, 970 F.3d. 1126, 1130 (9th Cir. 2020).

The initial case management conference is continued to April 21, 2021 at 2:00 p.m. A joint case management statement is due April 14.

**IT IS SO ORDERED.**

Dated: March 3, 2021

VINCE CHHABRIA
United States District Judge