UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LIU,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES INC.,<br><br>        Defendant. | Case No. 20-cv-07499-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 49 |

      The motion to dismiss is granted. This Court previously dismissed Liu's Title VII disparate impact claim, explaining that Liu "must make a more sophisticated effort . . . to develop a plausible factual basis in support of his assertion that terminations at Uber occur on a racially disparate basis." *Liu v. Uber Technologies, Inc.*, 551 F.Supp.3d 988, 991 (N.D. Cal. 2021). Liu's second amended complaint does not adequately cure the defects that doomed his complaint the last time around.

      In the latest version of the complaint, Liu describes a survey conducted of "approximately 20,000 Uber drivers" who are "clients of Plaintiff's counsel." These drivers were asked, apparently by an email from counsel, the following question: "If you have been deactivated by Uber, was it because your star ratings were too low?" And the drivers were asked to check a box indicating their race. The complaint alleges that the responses show a statistically significant disparity between white drivers and Black and Asian drivers, as well as drivers who identify their race as "Other." It does not show a statistically significant difference between white drivers and "Latinx" drivers.

      These results do not help Liu plausibly allege "that minority Uber drivers are

disproportionately terminated for low ratings compared to white drivers." *Liu*, 551 F.Supp.3d at 990. The survey results are broken down by drivers who identify as being terminated and not by a sample of Uber's total driver population. The survey methodology, in short, uses the wrong denominator. An example illustrates the point. Imagine 100 white drivers and 100 Black drivers. Assume that, on average, there exists no difference in star ratings between the white and Black drivers—in other words, no disparate impact. Imagine that Uber deactivates 20 white drivers: 5 due to their star rating and 15 for other reasons. And imagine that Uber deactivates 10 Black drivers: 5 due to their star rating and 5 for other reasons. In this scenario, 50% of Black drivers (5 out of 10) will answer "yes" to the question posed by the survey ("If you have been deactivated by Uber, was it because your star ratings were too low?"), while 25% of white drivers (5 out of 20) will answer "yes" to the same question. That result exists even though Uber deactivated a far lower percentage of Black drivers (10%) than white drivers (20%) and even though there exists no difference in the average star rating between Black and white drivers. Indeed, Uber deactivated the same percentage of white and Black drivers due to their star ratings in this hypothetical. By only asking drivers *who have been deactivated* whether Uber deactivated them due to their star rating, the survey misses the point.

   As Liu's counsel appeared to concede at the hearing, the survey is likely flawed for another reason. By asking drivers whether they identified as "Latinx," Liu's counsel likely skewed survey results because Latino drivers may not have known what the term "Latinx" means. Indeed, the complaint notes that many Latino respondents marked their race as "other" due to the confusion.

   Liu is correct to emphasize that a survey described in a complaint alleging racial disparity need not be put to the same rigorous test that might apply at the summary judgment stage. But a survey must provide at least some information from which racial disparity can be plausibly inferred. The survey described in this complaint is essentially meaningless. Which means that this complaint, like the prior version, does not plausibly allege racial disparity in terminations of Uber drivers.

3

Dismissal is with leave to amend, because it is conceivable that a more sophisticated effort at alleging racial disparity in driver terminations could overcome a motion to dismiss (either through a survey or some other means). Any amended complaint must be filed within 28 days of this ruling. If Liu fails to file an amended complaint by that date, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: May 23, 2022

_____
VINCE CHHABRIA
United States District Judge